```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

HEATHER MUSANTE,                  :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :   CASE NO.   3:16cv00799(RNC)
                                  :
USI INSURANCE SERVICES, LLC,      :
                                  :
     Defendant.                   :
```

RULING ON DEFENDANT'S MOTION TO COMPEL

The plaintiff, Heather Musante ("Musante"), brings this action pursuant to Title VII the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(f) and the Civil Rights Act of 1991, 42 U.S.C. 1981a, against defendant USI Insurance Services, LLC ("USI"), alleging claims of gender discrimination, retaliation, wrongful discharge in violation of public policy and unjust enrichment.  Musante also seeks a declaratory judgment that the 2 year non-solicitation agreement she signed with USI's predecessor is unenforceable.

Pending before the court is USI's motion to compel.  (Doc. #48.)[1]  The court heard oral argument on July 21, 2017.  The court rules as follows:

A.   <u>Interrogatory Nos. 14 and 15 and Production Request 87.</u>

1. Interrogatory No. 14:  The motion to compel a response to Interrogatory No. 14 is granted in part.  Musante shall identify any internist, therapist, oncologist and/or ob/gyn with whom she treated from 2002 to the present. She shall execute the requested

---

[1] U.S. District Judge Robert N. Chatigny referred the motion to the undersigned.  See doc. #50.

records authorization for each practitioner whom she identifies pursuant to this ruling.

2. Interrogatory No. 15: The motion to compel a response to Interrogatory No. 15 is granted. Musante shall identify every pharmacy from which she purchased medication from 2002 to the present, and provide an executed authorization for USI to obtain the pharmacy records.

3. Request for Production No. 87: The motion to compel a response to Production Request No. 87 is granted in part. To the extent Musante and/or her counsel already possess copies of any records regarding any of the practitioners or pharmacies identified in response to Interrogatory Nos. 14 and 15, Musante shall produce them. If she does not possess all of such records from 2002 to the present, she shall produce the documents she has in her possession or control, but she need not request copies of records she does not possess. The authorizations the court has ordered Musante to execute in response to Interrogatory Nos. 14 and 15 will permit USI to obtain the necessary records.

B. <u>Interrogatory Nos. 9 and 19 and Request for Production No. 104</u>.

In Interrogatory Nos. 9 and 19, and Request for Production No. 104, USI seeks information regarding Musante's subsequent employment, compensation and benefits. Musante objected on grounds of relevance, burden and that the information sought is "sensitive, confidential, and personal financial information." Musante

provided a partial response, subject to those objections, in which she identified her annual salary at her new employer, but not her total compensation, which she indicated is based upon "business brought in to the company" and "new business generated and retained."

The information is relevant to Musante's damages claims and her duty to mitigate damages. She has made no showing as to the nature and extent of the actual burden she would face in responding to USI's requests.  "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden." Michanczyk v. Metropolitan Life Ins. Co., No. 3:05CV1903, 2007 WL 926911, at *2 (D. Conn. Mar. 26, 2007).  See, e.g., In re Application of Bloomfield Inv. Res. Corp., 315 F.R.D. 165, 168 (S.D.N.Y. 2016) (overruling burdensomeness objection where objecting party did not "present particularized evidence in their briefing that production of the . . . records would be unduly burdensome or costly, such as an affidavit of a person with knowledge of the record keeping system explaining in detail the basis of the objection").

Further, although Musante claims the information requested is sensitive, confidential and/or proprietary, she has made no showing to support this argument.  "The mere fact that [a party] deems these items to be proprietary does not (by itself) render them to be proprietary." Demutis v. Sally Beauty Supply LLC, No. 09CV92A,


2010 WL 1038679, at *3 (W.D.N.Y. Mar. 19, 2010). "[M]erely labeling the material 'proprietary and confidential' is not by itself sufficient to bar its production." Novomoskvovsk Joint Stock Co. "Azot" v. Revson, No. 95 CIV. 5399 (BSJ), 1996 WL 282085, at *1 (S.D.N.Y. May 28, 1996).

Musante's objections to Interrogatory Nos. 9 and 19 and Production Request No. 104 are overruled. She shall respond to the Interrogatories and produce responsive information.

C.  Request for Production No. 105.

Production Request 105: Musante objects to producing her retainer agreement on grounds of relevance, privilege and attorney work product.

> [A] long and unbroken line of cases in this Circuit have established that "in the absence of special circumstances, fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice."

Torres v. Toback,Bernstein & Resiss LLP, 278 F.R.D. 321, 322 (E.D.N.Y. 2012)(quoting Vingelli v. United States, 992 F.2d 449,452 (2d Cir. 1993) and holding that retainer agreement between a debt collection firm and its client was not subject to attorney-client privilege, where identity of firm's client was not secret, nothing of confidential nature would be revealed by production of agreement, and firm had failed to identify any

other special circumstances warranting application of privilege). See also Williams v. Rushmore Loan Mgmt. Servs. LLC, 2016 U.S. Dist. LEXIS 22807, *6 (D. Conn. February 16, 2016)(requiring production of a redacted version of retainer agreement, along with in camera inspection of the portion claimed to contain privileged information regarding discussions between attorney and client regarding legal strategy).

In her brief, Musante does not argue that the retainer agreement is privileged.  Rather, she indicates, without asserting any legal bases, that her counsel "prefers not to disclose the specific fee agreement until it becomes necessary." and "respectfully requests deferring disclosure of plaintiff's retainer agreement until it becomes necessary to submit a fee petition to the court." (Doc. #62 at 10.)

The objection is overruled.  The retainer agreement is not privileged and there is no basis upon which to defer its production.  Musante shall produce a copy of the retainer agreement.

## CONCLUSION

The defendant USI's Motion to Compel [48] is GRANTED in part as set forth above.  This is not a recommended ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and Rule 72.2 of the Local

5

Rules for Magistrate Judges.  As such, it is an order of the court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Hartford, Connecticut this 27th day of July, 2017.

_____/s/_____

Donna F. Martinez

United States Magistrate Judge