UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HEATHER MUSANTE,              :
                              :
     Plaintiff,               :
                              :
     v.                       :     CASE NO.  3:16cv00799(RNC)
                              :
USI INSURANCE SERVICES, LLC,  :
                              :
     Defendant.               :

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Pending before the court is plaintiff's motion for reconsideration (doc. #88) of the court's ruling granting in part defendant's motion to compel (doc. #81).  For the following reasons, the motion is DENIED.

I. LEGAL STANDARD

Local Rule of Civil Procedure 7(c) provides:

> Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.

D.Conn.L.Civ.P. 7(c).  The standard for granting motions for reconsideration is strict.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The grounds justifying reconsideration are "an intervening change or controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). The

court "must balance the policy of hearing a litigant's claims on the merits against the policy in favor of finality . . . . The new evidence brought to the attention of the court must therefore be highly convincing." Novak v. Nat'l Broad. Co., 760 F. Supp. 47, 48 (S.D.N.Y. 1991) (citations and internal quotation marks omitted).

II. DISCUSSION

Reconsideration is not warranted. Plaintiff fails to set forth any new controlling case law decided since the court entered its ruling or any controlling case law the court overlooked. Plaintiff does not introduce any new evidence that has become available. Rather, she reargues the same issues presented in the underlying motion and during oral argument. Her disagreement with the court's ruling is an insufficient basis upon which to grant a motion for reconsideration.

Even if the court were to grant the motion for reconsideration, it would adhere to its ruling. The court's ruling was based on the information before it at the time, all of which the court carefully considered.[1]

---

[1] If the court were to reconsider, it likely would take into account new information proffered by defendant to buttress its need for the discovery it seeks. Defendant has brought to the court's attention the fact that plaintiff recently filed a personal injury suit related to a motor vehicle accident in which she asserts various permanent injuries and "anguish and distress of mind and loss of life's enjoyment." (Doc. #95, at 4 and Ex. A, at 3-5.) Defendant maintains that it needs to review plaintiff's medical records to determine which injuries allegedly flow from the motor

2

III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is DENIED. This is not a recommended ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and Rule 72.2 of the Local Rules for Magistrate Judges. As such, it is an order of the court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Hartford, Connecticut this 16th day of January, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

vehicle accident and which allegedly flow from her termination. (Doc. # 95, at 4.)